DA 15-0057

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 280N

IN THE MATTER OF:

L.M.W. and R.M.W.,

      Youths in Need of Care.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause Nos. DN-12-72(A) and
DN-12-73(A)
Honorable Ted O. Lympus, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        Elizabeth Thomas, Attorney at Law; Missoula, Montana

    For Appellee:

        Timothy C. Fox, Montana Attorney General, Katie Schulz, Assistant
Attorney General; Helena, Montana

        Emily Von Jentzen, Assistant Attorney General, Child Protection Unit;
Kalispell, Montana

        Ed Corrigan, Flathead County Attorney; Kalispell, Montana

            Submitted on Briefs:  July 15, 2015
                 Decided:  September 22, 2015

Filed:

                                      
                            Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 M.W., the father of L.M.W. and R.M.W., appeals from the orders of the Montana Eleventh Judicial District Court, Flathead County, terminating his parental rights to R.M.W. and L.M.W. We affirm.

¶3 M.W. is the biological father of L.M.W. (born in 2004) and R.M.W. (born in 2009).

¶4 On December 7, 2012, L.M.W. and R.M.W. were adjudicated as Youths in Need of Care and temporary legal custody (TLC) was granted to the State. The decision to remove the children from the home and grant TLC to the State was based on problems in the home including physical neglect, failure to provide for the children's needs, and exposure to family violence. On January 11, 2013, the District Court approved the treatment plan that was prepared for M.W. regarding the children.

¶5 TLC was extended twice to provide M.W. additional time to work on his treatment plan. In June 2014, the Department of Public Health and Human Services, Child and Family Services Division (DPPHS) filed a petition for termination of M.W.'s parental rights.

¶6 On January 7, 2015, the District Court determined that the best interests of the children L.M.W. and R.M.W. would be served by termination of the parent-child relationship. Accordingly, the District Court entered an order terminating M.W.'s parental rights to the children L.M.W. and R.M.W.

¶7 On appeal, M.W. argues as follows: (1) the District Court erred in finding that M.W. did not successfully complete his treatment plan and was unlikely to change within a reasonable amount of time, and (2) the treatment plan was not appropriate and failed to meet the needs of the children and M.W.

¶8 We review a district court's decision to terminate parental rights for abuse of discretion. *In re A.J.W.*, 2010 MT 42, ¶ 12, 355 Mont. 264, 227 P.3d 1012. A court abuses its discretion when it acts arbitrarily, without employment of judgment, or in excess of the bounds of reason. *A.J.W.*, ¶ 12. Under this standard, we review a district court's findings of fact for clear error, and its conclusions of law to determine whether they are correct. *In re C.J.K.*, 2005 MT 67, ¶ 13, 326 Mont. 289, 109 P.3d 232.

Failure to Complete Treatment Plan

¶9 M.W. argues that the District Court erred in finding he did not successfully complete his treatment plan and was unlikely to change within a reasonable amount of time because the court lacked clear and convincing evidence to make the decision.

¶10 Section 41-3-609(1)(f)-(2), MCA, states "[t]he court may order a termination of the parent-child legal relationship upon a finding established by clear and convincing evidence" if "the child is an adjudicated youth in need of care and both of the following exist: (i) an appropriate treatment plan that has been approved by the court has not been

3

complied with by the parents or has not been successful; and (ii) the conduct or condition of the parents rendering them unfit is unlikely to change within a reasonable time." The court must also find that continuation of the parent-child relationship "will likely result in continued abuse or neglect or that the conduct or the condition of the parents renders the parents unfit, unable, or unwilling to give the child adequate parental care." Section 41-3-609(2), MCA.

¶11 The District Court properly found that the treatment plan was not complied with or was not successful and M.W. was unfit and unlikely to change within a reasonable time due to his mental deficiencies. The court based this determination on testimony from several professionals, including case workers from DPHHS, who determined that M.W. could not follow through with parenting skills the specialists taught him, could not set boundaries or provide discipline, and failed to maintain sobriety. Both R.M.W. and L.M.W. have significant developmental, behavioral, and emotional issues requiring high levels of specialized care. As part of the State's effort to help M.W. comply with the parenting plan, it provided him with intensive training from professionals to teach him the parenting skills necessary to manage the special needs of the children, but M.W. was unable to implement those skills. The District Court thoroughly evaluated testimony reflecting this problem noting M.W.'s inability to make sustainable changes to his behavior owing in part to his mental limitations. The court found that M.W. had only partially completed the plan, that progress was minimal and incomplete after 25 months, even despite efforts to accommodate his limitations.

4

¶12 Finally, the Court determined, based on testimony from witnesses, that continuation of the parent-child relationship would likely result in continued abuse or neglect because M.W. did not have the mental capacity and ability to care for the children or provide for their special needs. Section 41-3-609(2), MCA.

¶13 Termination of parental rights is appropriate when the goals and objectives of the treatment plan have not been met. Section 41-3-609(1)(f)(i), MCA. Partial compliance with the treatment plan is not sufficient to preclude termination of parental rights. *In re S.M.*, 2001 MT 11, ¶ 44, 304 Mont. 102, 19 P.3d 213. The District Court thoroughly evaluated the evidence presented regarding M.W.'s inability to parent the children. The court based its decision on clear and convincing evidence that partial compliance was not sufficient and M.W. failed to meet the goals and objectives of the plan, even with accommodations. We conclude the District Court did not err in its findings as they are supported by clear and convincing evidence.

Appropriateness of Treatment Plan

¶14 Finally, M.W. argues that the treatment plan was not appropriate as it failed to meet the specific needs of the children and M.W. as the father. M.W. raises this issue for the first time on this appeal. M.W. was represented by counsel when he agreed to the treatment plan on January 11, 2013. M.W. also failed to object to the treatment plan at the District Court proceedings in this termination action. A parent who fails to object to a treatment plan waives the right to argue on appeal that the plan was not appropriate. *In re A.A.*, 2005 MT 119, ¶ 26, 327 Mont. 127, 112 P.3d 993; *In re T.S.*, 2013 MT 274, ¶ 25, 372 Mont. 79, 310 P.3d 538. M.W. has waived appellate review of this argument

5

because he failed to raise this issue during the negotiation of the treatment plan, during efforts to comply with the plan, or at the termination proceedings. Therefore, it is unnecessary to determine the merits of this claim.

¶15 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's ruling was not an abuse of discretion.

¶16 Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE